**EXHIBIT A**

| YES | NO | | | YES | NO | |
|---|---|---|---|---|---|---|
| [ ] | [X] | Municipality: (Specify _____ ) | | [X] | [ ] | Public Authority: *Local 32BJ,* (Specify *SEIU* ) |

| YES | NO | |
|---|---|---|
| [X] | [ ] | Does this action/proceeding seek equitable relief? |
| [ ] | [X] | Does this action/proceeding seek recovery for personal injury? |
| [ ] | [X] | Does this action/proceeding seek recovery for property damage? |

Pre-Note Time Frames:
(This applies to all cases except contested matrimonial and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

[X] Expedited: 0-8 months       ☐ Standard: 9-12 months       ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

Has summons been served?                ☐ No      ☐ Yes, Date_____

Was a Notice of No Necessity filed?      ☐ No      ☐ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| [X] | EARL - Forsythe | 2931 8th AVE Apt #2F | 646-648-9477 |
| ☐ | | | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| [X] | Amalgamated warbase Houses, INC. Stefanie R. Munsky, ESQ | 420 Lexington Avenue, New York, NY 10170   212 687-7410 | |
| [X] | Katchen locke, ESQ. | Local 32BJ, Seiu -101 Ave. of the americas, 19th Fl. Nyc 10013 | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

RELATED CASES: (if NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|
| X   NONE | | | |

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: X May 25, 2011

X _Earl Forsythe_
(Signature)
X _EARL - Forsythe - Pro-SE_
(Print or type name)
PETITIONER(S)
(Attorney for) Self-Represented (Pro-Se)

[Print in *black* ink all areas in bold letters.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

In the Matter of the Application of

*EArL Forsythe*

**[fill in name(s)]**                          Petitioner(s)

- against -

*Local 32BJ, Seiu and AmalgaMated*
*Warbasse Houses, INC.*

**[fill in name(s)]**                          Respondent(s)

------------------------------------------------------------x

**Index Number**

*11-401415*

NOTICE OF PETITION

PLEASE TAKE NOTICE that upon the verified petition(s) of _____

*EArL Forsythe* _____, **[your name(s)]**, sworn to on *May 25*, 200*1*

**[date Verified Petition notarized]**, and the attached exhibits, petitioner(s) will request this Court,

at 9:30 AM on the ~~15~~ *24th* day of *June* _____, 200*1*, **[return date]** at the Courthouse, at

60 Centre Street, New York, N. Y., in the Motion Support Courtroom, Room 130, for a judgment,

pursuant to the Civil Practice Law and Rules (CPLR), granting the following relief to the

petitioner(s): **[*briefly* describe what you are asking the Court to do]** *Grant My re-filed*

*Complaint Because I Filed iN ERRor. and grant The*

*correct Jurisdiction Article 75*

_____

_____

and for such other and further relief as this Court may deem just and proper.

Dated: *May 25*, 200*1*

**[date signed]**

To: Respondent(s) *Amalgamated warbasse*
*Houses, INC.*
*Stefanie A. Munsky, ESQ.*
*420 Lexington Ave. NYC 10170*
*212-687-7410*
*Katchen Locke, ESQ. Local 32BJ*
*101 Avenue of the americas*
*NYC 10013  # 19th Fl.*

**[name, address, telephone number]**

Respectfully submitted,

*EArL - Forsythe*
*2931 - 8th Ave  4Pt #2E*
*NYC NY 10039*
*646 - 648-9477*

Petitioner(s)

**[your name, address, telephone number]**

[Print in _black_ ink to fill in the spaces next to the instructions]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------x

In the Matter of the Application of

_EArL Forsythe_

[fill in name(s)]                    Petitioner(s)

- against -

_Local 32 BJ, SEIU and AmaLgamated warbasse Houses, INC_

[fill in name(s)]                    Respondent(s)

-----------------------------------------------------------x

**Index Number**

_11-401415_

**VERIFIED PETITION**

TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

The petition of _____ _EArL Forsythe_ _____ [your name] respectfully shows to this Court as follows:

1. Petitioner resides at _2931 8th Ave. #2E New York, NY 10039_ [your address]

2. The respondent(s) is/are [identify the respondent(s)] _Local 32 BJ, SEIU and AmaLgamated warbasse Houses, INC._

3. [Describe what you are requesting. Add more pages if needed. If you are appealing the decision of a government agency, give the date and outcome of the final determination. Explain why this Court should reverse that decision.] _This case was removed From this court to Federal court. The Attorneys For defendant's and Hon. NANCY R. Buchwald U.S.D.J was going to ignore The LAbor management relations Act and dismiss My case. I Filed my case in ERROr. I should have Filed under State Jurisdiction and Subject Matter. Article 75. The Federal Judge was Biased. That is why My case was removed From the State Supreme court._

This case was civil Action No. 10 CV. 8557 (NRB)(MHD). I never recieved discovery or did A deposition concerning this case. They Attorneys for defendant's agreed that the Union should have represented Me but the Law suit is Time Barred. It is passed six Months which is Not True. Index No. 10-403036

4. Attached are copies of all relevant documents. **[Attach the decision you are asking the court to reverse as Exhibit A. Attach any other documents as Exhibit B, Exhibit C, and so on. List additional Exhibits on separate page.]**

Exhibit A- Termination Letter - July 23, 2009

Exhibit B- Letter Stating My Grievance. August 4, 2009

Exhibit C- Local 32BJ, Seiu Failed to represent me based on CBA   oct. 9, 2009

Exhibit D- Law Judges decision- I did not violate Employers policie

Exhibit E- Collective Bargaining Agreement.

5. A prior application *has not / has* **[circle one]** been made for the relief now requested.

**[If you made this application before in this or any other court , describe where, when, the result and why you are making it again.]** No I havent sued under Article 75. Arbitration.

WHEREFORE, your deponent respectfully requests that this Court [*briefly* describe what you are requesting]: Move to compel Arbitration

May 25, 2011
[date signed]

_Earl Forsythe_
Petitioner [sign your name]

EARL - Forsythe
[print your name]

2931- 8th Ave Apt #2E
NYC NY 10039
646 - 648 - 9477
[your address and telephone no.]

## VERIFICATION

STATE OF NEW YORK
COUNTY OF New York :   ss:

EArL Forsythe _____ [your name], being duly sworn,
deposes and says that: I am the petitioner in this proceeding; I have read the foregoing petition
and know the contents thereof; the same is true to my own knowledge, except as to matters
therein stated to be alleged on information and belief; and as to those matters I believe it to be
true.

Sworn to before me on

25 day May , 2011

_____
Notary Public

RICHARD B. MINOR
Notary Public, State of New York
Reg. No. 04M16147382
Qualified in New York County
Commission Expires June 6, 2014

_Earl Forsythe_
Petitioner  [sign your name in front of a Notary]
EARL - Forsythe
[print your name]

3

INDEX NO. 11-401415

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_Earl Forsythe_

Plaintiff/Petitioner

- against -

_Local 32 BJ SEIU and Amalgamated Warbasse Houses, INC._

Defendant/Respondent

To the best of my knowledge, information and belief, formed after an Inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator (22NYCRR)

Sign Name: _Earl Forsythe_

Print Name: _Earl — Forsythe_

Address: _2931 - 8th Av Apt # 2E_
_NYC NY 10039_

Telephone _646 - 646 - 9477_

Service of a copy of the within is hereby admitted

Dated: _____, 200 _____

Attorney for _____

---

Sir/Madam:

Please take notice that the within is a (certified) true copy of a

_____ duly entered in the office of the clerk of the

within named court on the _____ day of _____, 200 _____

Dated:

Attorney for:

Yours, etc.

Plaintiff/Petitioner
Defendant/Respondent

To:

Office and Post
Office Address

*********************NOTICE OF SETTLEMENT*********************

Sir/Madam:

Please take notice that an _____

of which the within is a true copy will be presented for settlement

to the Hon. _____, one of the Justices

of the within named court at _____, 200 ___ at ___ AM/PM, on

the _____

Dated:

Attorney(s) for _____

Yours, etc

Plaintiff/Petitioner
Defendant/Respondent

To:

Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————x

EARL FORSYTHE,

Plaintiff,

-Against-                                              Index No. 11-401415

LOCAL 32BJ, SEIU, and
AMALGAMATED WARBASSE HOUSES, INC.                      Complaint

Defendants

———————————————————————x

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, Earl Forsythe, respectfully shows and alleges as follows:

1. The Plaintiff herein, Earl Forsythe is a resident of the State of New York. Mr. Earl Forsythe resides at 2931 Eighth Avenue, Apt. 2E New York, NY 10039.

2. The defendant Local 32BJ, SEIU Union is located at 101 Avenue of the Americas, New York, NY 10013 and the defendant Amalgamated Warbasse Houses, Inc. is located at 2800 West Fifth Street, Brooklyn, NY 11224.

3. Plaintiff Earl Forsythe was wrongfully terminated on July 23, 2009 by my former employer Amalgamated Warbasse Houses, Inc.

4. Local 32BJ, SEIU and Amalgamated Warbasse Houses, Inc. are in a written contract which gives me due process and arbitration if needed.

5. On or around August 12, 2009, I received a letter from Joanne Davis a complaint coordinator for Local 32BJ, SEIU. The letter stated that Local 32BJ, SEIU would not be going to arbitration on my behalf, which is a breach of contract.

6. I began working for Amalgamated Warbasse Houses, Inc. on or around October of 2006 until I

was wrongfully terminated July of 2009.  I passed probation and should have gone to arbitration.

7.  By reason of the facts and circumstances stated above, the defendants breached the contract.

8.  By reason of the facts and circumstances stated above, plaintiff has been damaged by

defendants in the sum of $150,000.  Wherefore, plaintiff demands judgment against defendants

In the sum of $150,000, plus interest from July 23, 2009, cost and disbursements, together with

the enforcing of the contract and with any other relief the courts finds to be just and proper.

Dated: MAY 25, 2011

_____
(Sign name)

EARl Forsythe
(print name)

2931 8th Avenue,   apt 2E
New York, NY 10039
646-257-2269

2800 WEST 5th STREET        BROOKLYN, N.Y. 11224
Telephone 266-9000 - FAX No. 718-265-6951

SELF MANAGED                                                SELF GOVERNED

July 23, 2009

Mr. Earl Forsythe
2931 8th Avenue
New York, New York 10039

Dear Mr. Forsythe:

At approximately 1:30 p.m. this afternoon, Thursday, July 23, 2009, our Maintenance Director, Joseph Loscalzo, was performing his normal rounds throughout the development. Upon entering the "Staff Only" lunch/locker room, he discovered two children, ages ranging between 11 and 12, relaxing and hanging out in the lunch/locker room without adult supervision. When the children were asked how they got access to the room and who they were, one stated that he was your son and you had let them in the room and were watching them for the day. Not only was this unacceptable but you put the housing company in jeopardy by leaving two children unattended in a staff only room. You clearly had no right to babysit them while at work.

Your supervisor also informed me that your building was in deplorable condition. Upon finding you, he informed you that you were to leave work and take the children off the property.

After reviewing your employment file, it appears to me that you obviously choose to do what you want, when you want, and ignore our housing company's policies. Therefore, your employment at Amalgamated Warbasse Houses, Inc. is terminated.

In order to receive any monies that may be owed to you from the housing company, you must turn in all of your keys and uniforms to the Maintenance Director, Joseph Loscalzo.

Very truly yours,

AMALGAMATED WARBASSE HOUSES, INC.

Thomas Auletti, RAM, nyarm
Assistant Manager

TA:bds

cc: Joseph Loscalzo, Maintenance Director
    Local 32B/32J

**A HOUSING DEVELOPMENT COOPERATIVELY OWNED AND OPERATED**

A



**SEIU**

*Stronger Together*

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

**MICHAEL P. FISHMAN**
President

**KEVIN J. DOYLE**
Executive Vice President

**HÉCTOR J. FIGUEROA**
Secretary-Treasurer

**VICE PRESIDENTS**
KYLE BRAGG
GEORGE FRANCISCO
LENORE FRIEDLAENDER
BRIAN LAMBERT
VALARIE LONG

**Local 32BJ Headquarters**
101 Avenue of the Americas
New York, NY 10013-1991
212.388.3800

**Capital Area District**
Washington 202.387.3211
Baltimore 410.244.5970,
866.925.3225
Silver Spring 301.562.9301

**Connecticut District**
800.228.5253
Hartford 860.560.8674
Stamford 203.602.6615

**District 1201**
215.923.5488

**Florida District**
305.672.7071

**Hudson Valley District**
914.637.7000

**Mid-Atlantic District**
215.226.3600

**National Conference of
Firemen and Oilers**
202.962.0981

**New Jersey District**
973.824.3225

**Western Pennsylvania**
412.471.0690

www.seiu32bj.org

Realty Advisory Board on Labor Relations Inc.
292 Madison Avenue, 16th Floor
New York, New York 10017

Re:   **2800 WEST 5TH STREET
EARL FORSYTHE
Case No: 111344**

Dear Gentlemen:

SEIU Local 32BJ and the Employer at the above-referenced work location are
signatory to a collective bargaining agreement which provides that in the event of
disputes, the matter shall be referred to the Joint Industry Grievance Committee
("JIGC"). Local 32BJ submits the following dispute(s) to the JIGC, which the
Employer has refused to adjust:

Claim #1: Member states that he was unjustly discharged effective July 23, 2009.
The Union seeks that the member be reinstated to his former job position with all
backpay, benefits, 32BJ Benefit Funds entitlements and seniority lost and that all
back contributions be paid to the Funds.

The Employer in this matter is:       Amalgamated Warbasse House
                                      c/o Amalgamated House Inc.
                                      2800 West 5th Street
                                      Brooklyn, NY 11224

Please schedule this matter for a JIGC hearing as soon as practicable.  Thank you for
your anticipated cooperation.

Very truly yours,

Joanne Davis
Complaint Coordinator

cc:   Office of the Contract Arbitrator
      Amalgamated Warbasse House c/o Amalgamated House Inc.
      Mike India, Grievance Representative

      Earl Forsythe
      2931 8th Avenue #2E
      New York, NY 10039

B



EARL FORSYTHE
2931 8TH AVENUE #2E
NEW YORK, NY 10039

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

**MICHAEL P. FISHMAN**
President

**KEVIN J. DOYLE**
Executive Vice President

**HÉCTOR J. FIGUEROA**
Secretary-Treasurer

_VICE PRESIDENTS_
**KYLE BRAGG**
**GEORGE FRANCISCO**
**LENORE FRIEDLAENDER**
**BRIAN LAMBERT**
**VALARIE LONG**

**LARRY ENGELSTEIN**
Assistant to the President

Local 32BJ Headquarters
101 Avenue of the Americas
New York, NY 10013-1991
212.388.3800

**Capital Area District**
866.925.3225
Washington  202.387.3211
Baltimore  410.244.5970

**Connecticut District**
800.228.5253
Hartford  860.560.8674
Stamford  203.602.6615

**District 1201**
215.923.5488

**Florida District**
305.672.7071

**Hudson Valley District**
914.637.7000

**Mid-Atlantic District**
215.226.3600

**National Conference of
Firemen and Oilers District**
202.962.0981

**New Jersey District**
973.824.3225

**Western Pennsylvania**
412.471.0690

www.seiu32BJ.org

RE:    **2800 WEST 5TH STREET**
         **Case No: 111344**

Dear Brother/Sister:

The Local 32BJ Joint Executive Board adopted the recommendation of the Grievance Appeal Board regarding your appeal of the Union's recommendation not to arbitrate your complaint.

Your appeal has been denied based on the determination that the complaint lacks sufficient merit for the Union to be likely to prevail in arbitration.

In Solidarity,

Brian Lambert
Vice President

cc:    Joanne Davis, Complaint Coordinator
       Mike India, Grievance Representative

C.

U00038



STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
PO Box 15126
Albany NY 12212-5126
(518) 402-0205
FAX:(518) 402-6208

LEONARD D. POLLETTA
CHAIRMAN
MICHAEL T. GREASON
TANYA R. DANIEL
EILEEN M. LONG CHELALES
GERALDINE A. REILLY
MEMBERS

######
EXECUTIVE DIRECTOR
JAYSON S. MYERS
CHIEF ADMINISTRATIVE LAW JUDGE
TERESA A. DEMEO
CHRISTOPHER M. TATE
PRINCIPAL ADMINISTRATIVE LAW JUDG

*DECISION OF THE BOARD*
*DECISIÓN DE LA JUNTA*

IN THE MATTER OF:

**Mailed and Filed: APR 0 9 2010**

Appeal Board No. 549544

EARL A FORSYTHE
2931 EIGHTH AVENUE #2E
NEW YORK NY 10039

WORKERS DEFENSE LEAGUE
PO BOX 618
MADISON SQUARE STATION
NEW YORK NY 10159-0618

AMALGAMATED WARBASSE
HOUSES INC.
2800 WEST 5TH STREET
BROOKLYN NY 11224-4626

ROBERT A SPARER, ESQ.
CLIFTON BUDD & DEMARIS, LLP
420 LEXINGTON AVE
NEW YORK NY 10170-0089

A.S.O. - Appeals Section
Department of Labor Office:   801

A.L.J. Case No. 009-27527

PLEASE TAKE NOTICE that the commissioner, or any other party affected by this decision who appeared before the Appeal Board, may appeal questions of law involved in such decision to the Appellate Division of the Supreme Court, Third Department, by written notice mailed to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 within THIRTY DAYS from the date this decision was mailed.

POR FAVOR TOME NOTA que el comisionado o cualquier otra parte afectada por esta decisión que haya comparecido ante la Junta de Apelaciones puede apelar aspectos legales de dicha decision a Appellate Division of the Supreme Court, Third Department, enviando un aviso escrito a Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 dentro de los TREINTA DIAS a partir de la fecha en que esta decision fue enviada por correo.

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

PRESENT: LEONARD D. POLLETTA, MICHAEL T. GREASON MEMBERS

The Department of Labor issued the initial determination disqualifying the claimant from receiving benefits effective July 24, 2009, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by AMALGAMATED WARBASSE HOUSES INC. prior to July 24, 2009, cannot be used toward the establishment of a claim for benefits. The claimant requested a hearing.

The Administrative Law Judge held hearings at which all parties were accorded a full opportunity to be heard and at which testimony was taken. There were appearances on behalf of the claimant and the employer. By decision filed December 11, 2009 (A.L.J. Case No. 009-27527), the Administrative Law Judge overruled the initial determination.

AB 2 (10/06)

D

Appeal Board No. 549544

The employer appealed the Judge's decision to the Appeal Board. The Board considered the arguments contained in the written statement submitted on behalf of the employer.

Based on the record and testimony in this case, the Board makes the following

FINDINGS OF FACT: The claimant was employed as a porter for slightly less than three years by a residentia housing cooperative. Prior to July 23, 2009, the claimant had been spoken to about his work performance, which the employer considered unsatisfactory. On July 23, 2009, the claimant, who lived in the upper part of Manhattan, brought his ten-year-old son and eleven-year-old nephew with him; he did so because after work he was intending to take them to a concert at Coney Island, which was located only three blocks from the housing complex. The claimant's shift was from 7:00 A.M. to 4:00 P.M.; the two boys first played basketball outside for a while, then came inside and sat in a room which functioned as lunch room and locker room for th employees. While the boys were playing, the claimant went about his duties. At or about 1:30 P.M., the directo of maintenance went into the room and saw the two boys; after finding out who they were, the director of maintenance went to the claimant and stated that he was tired of the claimant and was calling the union and social services. The claimant then left, after informing one of the superintendents that he was doing so. The matter was reported to the assistant manager, who made the decision to discharge the claimant. The letter of discharge, which referenced both the claimant's act in bringing the two children to the work place and the employer's dissatisfaction with the claimant's performance of his duties, was given to the claimant when he reported to work on his next scheduled work day, July 26, 2009.

The employer has no specific policy prohibiting employees from bringing their children to the work site, as the employer did not believe there should have been any need for such a policy.

OPINION: The credible evidence establishes that the claimant lost his employment after he brought his young son and nephew to the work site. There was a sharp difference between the parties as to whether other employees had previously brought their own children to the site, but regardless of whether such had occurred, it is uncontested that there was no specific policy that would have advised the claimant that doing so could place his job in jeopardy. The employer may well have believed – as testified to by the assistant manager – that no specific policy should have been necessary, but the fact that the claimant may have exercised less than common sense does not mean that his act constitutes misconduct. The employer's argument that the claimant's actions may have been a violation of NY Family Court § 1012 (f) is speculative at best. The argument that the claimant's act was tantamount to performing personal business during working hours is unconvincing and its reliance on *Matter of Bach*, 306 AD2d 736 (3d Dept 2002) is misplaced: The claimant in that case was running errands instead of performing his job duties, while the claimant in the case before the Board went about his duties. The possibility that the employer might have been exposed to civil liability in the event of an injury to either child (as also argued on appeal) is irrelevant to the issue of whether the claimant's act was misconduct under the Unemployment Insurance law.

As to the claimant's work performance, the cases cited by the employer on appeal (*Matter of Benbow*, 32 AD3d 1094 [3d Dept 2006]; *Matter of Tian Xing Xing*, 23 AD3d 747 [3d Dept 2005]; *Matter of Lyczek*, 285 AD2d 797 [3d Dept 2001]) are not controlling. The claimant in each of those cases failed to follow a specific directive given by the employer. In this case, the claimant was simply not performing his duties to the employer's satisfaction. There is no evidence that the claimant was intentionally neglecting his duties on the day in question and, in fact, the director of maintenance testified to seeing the claimant in the compactor room at one point during the day, apparently going about his duties. The fact that the claimant had been spoken to about his job performance does not mean that his continued poor job performance constitutes misconduct. The employer was certainly entitled to discharge an employee who was found to be unsatisfactory, but on the record before us, the claimant was separated from employment under nondisqualifying circumstances.

DECISION: The decision of the Administrative Law Judge is affirmed.

AB 2 (10/06)

Case 1:11-cv-04169-NRB   Document 1-2   Filed 06/20/11   Page 15 of 21

The initial determination, disqualifying the claimant from receiving benefits effective July 24, 2009, on asis that the claimant lost employment through misconduct in connection with that employment and ng that the wages paid to the claimant by AMALGAMATED WARBASSE HOUSES INC. prior to July 24, ), cannot be used toward the establishment of a claim for benefits, is overruled.

The claimant is allowed benefits with respect to the issues decided herein.


LEONARD D. POLLETTA, MEMBER

MICHAEL T. GREASON, MEMBER

# APARTMENT BUILDING AGREEMENT

MINIMUM WAGE RATES
2006 - 2010
(See pages 100-106)

REALTY ADVISORY BOARD
ON LABOR RELATIONS,
INCORPORATED

292 Madison Avenue
New York, N.Y. 10017
(212) 889-4100

SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 32BJ

101 Avenue of the Americas
New York, New York 10013-1906
(212) 388-3800

---

# Apartment Building AGREEMENT

## 2006

BETWEEN

REALTY ADVISORY BOARD
ON LABOR RELATIONS
INCORPORATED

AND

SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 32BJ

EFFECTIVE APRIL 21, 2006
TO APRIL 20, 2010

exceptional case, it shall give the notice required pursuant to this provision and the date required by paragraph 2 hereof.

At the conclusion of the four (4) week notice period provided for in paragraph 2, the matter shall be referred to the Special Committee. Such Committee shall act within four (4) weeks after the Employer has given notice to the Committee. If the Committee deadlocks or if the Committee fails to act within said four (4) week period, the Employer may refer the matter to arbitration pursuant to the arbitration provisions of the contract. The matter shall be heard within four (4) weeks after it is submitted, and a decision shall be rendered within four (4) weeks of the close of the hearing. No adjournments shall be granted without mutual consent.

The Employer may not reduce the work force as proposed prior to the arbitrator's award, provided, however, that if the arbitrator fails to issue his award within the prescribed period, the Employer may reduce the work force as proposed, subject, however, to the ultimate determination of the arbitrator.

6. In the event that the four (4) weeks notice provided for herein is not given and the Employer lays off employees pursuant to this provision, the Employer shall pay an amount equal to the laid off employees' wages and

fringe benefits (including, but not limited to Pension, Health, Training, Legal and SRSP Fund Contributions, Holidays, Vacation, Sick Pay and Premium Pay) for the period beginning with the layoff until four (4) weeks after the Employer notifies the Union or the issuance of a final arbitration award, whichever is sooner, but in no event less than four (4) weeks even if the layoff is upheld by the arbitrator.

The fact that payment of employees' wages and fringe benefits are provided for herein shall in no way be construed as a limitation of the arbitrator's power and authority under other provisions of this Agreement.

Where an Employer has more than one (1) case under subparagraph 5, in a building, it may consolidate such cases for purposes of proceeding before the Special Committee and/or the Arbitrator.

## ARTICLE VIII
## No Strikes or Lockouts

1. There shall be no work stoppage, strike, lockout or picketing except as provided in Sections 2, 3, and 4 of this Article. If this provision is violated, the matter may be submitted immediately to the Arbitrator.

John Anner
Stuart Bauchner
Noel Berman
Nicholas Cooney
John Dorsey
Howard C. Edelman

Robert J. Herzog
Theodore H. Lang
Marilyn M. Levine
Randi Lowitt
Earl Pfeffer
Bernard Young

Upon thirty (30) days written notice to each other, either the Union or the RAB may terminate the services of any Arbitrator on the panel. Successor or additional Arbitrators shall be appointed by mutual agreement of the Union and the RAB. In the event of the removal, death or resignation of all of the Arbitrators, the successors or temporary substitute shall be chosen by the Union and the RAB. If the parties are unable to agree on a successor, then the Chairman of the New York State Employment Relations Board shall appoint a successor after consultation with the parties.

The cost of the Office of the Contract Arbitrator shall be shared in a manner determined by the Union and the RAB.

## ARTICLE VII
## Reduction of Force

1. The Employer shall have the right to reduce its work force in the following circumstances, provided that it can establish that the changes listed below eliminate an amount of work similar to the proposed reduction in worker hours:

(a) A change in work specifications or work assignment which results in a reduction of work

(b) Elimination of all or part of specified work

(c) Vacancies in building

(d) Reconstruction of all or part of building

(e) The tenant performing the work himself

(f) Introduction of technological advances

(g) Change in the nature or type of occupancy

2. If the Employer desires to reduce its work force it is required, in addition to their accrued vacation credits and termination pay, if any, to give employees employed for one (1) year or more one (1) week's notice of layoff or discharge, or in lieu thereof, an additional week's pay. The Employer shall give four (4) weeks written notification to the Union and the RAB.

The Employer shall include in such notification the following:

(a) Reason for reduction, specifying whether the reduction is being made pursuant to one or more of the reasons set forth in Section 1 or Section 5 of this Article.

work to be eliminated, setting forth the precise work hours spent on each task to be eliminated and the change in schedules and duties of remaining employees resulting from the reduction in force.

(c) If the reduction is due to technological advances, the notice shall describe the technological advance; how it will reduce the work, the number of work hours or reduced work and the change in schedules and duties of remaining employees resulting from the reduction in force.

(d) If the reduction in force is proposed to be implemented pursuant to Section 5 of this Article, the notice shall so state. It shall include a detailed description of the work being performed by those allegedly working at an unusually slow pace or having idle time; a description of additional work that such employees should be performing within their normal working hours; the proposed reduction of force in work hours; change in schedules and duties of remaining employees resulting from the reduction in force. The notice shall include both present and proposed work specifications and schedules.

3. In the event that a reduction in the work force is effected and the reason for the

reduction in the work force ceases to exist, then the Employer shall reinstate the work force that existed prior to the reduction in force.

4. If the Union grieves or arbitrates a dispute pursuant to this provision, the following shall apply:

(a) The arbitration shall be expedited and in no event shall be scheduled and heard later than seven (7) calendar days after the Union's request for arbitration.

(b) The Employer shall affirmatively demonstrate that it has eliminated an amount of work similar to the reduction in worker hours.

(c) The arbitrator shall issue an award within seven (7) calendar days after the close of the hearings.

(d) There shall be no adjournments granted without mutual consent.

5. In addition to the reasons provided for in paragraph 1 above, the Employer shall have the right to reduce the work force where in those exceptional cases it can demonstrate to a Special Committee consisting of the President of the Union or his designee and the President of the RAB or his designee, that an employee has idle time or is working at an unusually slow pace. In the event the Employer claims such an

20

shall be granted by the Arbitrator without consent of the opposing party.

There shall be an expedited arbitration procedure where the contract so provides which shall require the Arbitrator to hear and determine the matter within four (4) weeks after the demand for arbitration is filed.

Due written notice means mailing, telegraphing or hand delivery to the address of the Employer furnished to the Union by the RAB.

In the event that the Union appears at an arbitration without the grievant, the Arbitrator shall conduct the hearing, provided it is not adjourned. The Arbitrator shall decide the case based upon the evidence adduced at the hearing.

3. The procedure herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues, and the Arbitrator shall have the power to award appropriate remedies, the award being final and binding upon the parties and the employee(s) or Employer(s) involved. Nothing herein shall be construed to forbid either party from resorting to court for relief from, or to enforce rights under, any award. In any proceeding to confirm an award of the

or certified mail, within or without the State or New York, as the case may be.

4. Should either party fail to abide by an arbitration award within two (2) weeks after such award is sent by registered or certified mail to the parties, either party may, in its sole and absolute discretion, take any action necessary to secure such award including but not limited to suits at law. Should either party bring such suit it shall be entitled, if it succeeds, to receive from the other party all expenses for counsel fees and court costs.

5. Grievants attending grievances and arbitrations shall be paid for their regularly scheduled hours during such attendance.

6. If the Union requires an employee of the building to be a witness at the hearing and the Employer adjourns the hearing, the employee witness shall be paid by the Employer for his regularly scheduled hours during attendance at such hearing. This provision shall be limited to one employee witness.

7. The RAB shall be deemed a party to any proceeding under this article.

8. The parties have agreed to an Office of the Contract Arbitrator-Building Service Industry. The Union and the RAB have appointed the following Panel of Arbitrators:

Committee meeting is not held before the arbitration date, the meeting will be cancelled.

It shall be the function of the Committee to seek and encourage the settlement of all disputes brought before it.

7. Any grievance, except as otherwise provided herein and except a grievance involving basic wage violations and Pension, Health, Training, Legal and SRSP contributions shall be presented to the RAB in writing within 120 days of its occurrence, except for grievances involving suspension without pay or discharge which shall be presented within 45 days, unless the Employer agrees to an extension. The Arbitrator shall have the authority to extend the above time limitations for good cause shown.

## ARTICLE VI
## Arbitration

1. A Contract Arbitrator shall have the power to decide all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement, and such other issues as are expressly required to be arbitrated before the Arbitrator, including such issues as may be initiated by the Trustees of the Funds.

14

2. A hearing shall be initially scheduled within two (2) to fifteen (15) working days after either the Union or the RAB has served written notice upon the Office of the Contract Arbitrator, with copy to the other party, of any issue to be submitted. The Arbitrator's oath-taking, and the period, and the requirements for service of notice in the form prescribed by statute, are hereby waived. A written award shall be made by the Arbitrator within thirty (30) days after the hearing closes, except in arbitrations involving a superintendent where the Arbitrator shall have ten (10) days to issue an award. If an award is not timely rendered, either the Union or the RAB may demand in writing of the Arbitrator that the award must be made within ten (10) more days. If no decision is rendered within that time, either the Union or the RAB may notify the Arbitrator of the termination of his/her office as to all issues submitted in that proceeding. By mutual consent of the Union and the RAB the time of both the hearing and decision may be extended in a particular case. If a party, after due written notice, defaults in appearing before the Arbitrator, an award may be rendered upon the testimony of the other party.

Upon the joint request of all parties, the Arbitrator shall issue a "bench decision," with written award to follow within the required time period.

15